# EMILY CROOKS GARCIA ET AL.
## *v.*
# EDUARDO GEORGETTI ET AL.

San Juan, Law, No. 590.

1. The law of the road in Porto Rico is practically the same as it is in the different states of the Union, users of bicycles and automobiles have exactly equal rights thereon.

2. Where both parties involved in an occurrence not criminal, that results in the death of one of them, are not guilty of any negligence, the occurrence is what is known in law as an inevitable accident, for which no one is liable.

3. Where both parties to an occurrence resulting in personal injuries that cause death are equally guilty of negligence, no recovery can be had for the death; but, even though deceased may have been guilty of negligence, yet, if defendant was also guilty of negligence, and, in addition, had the last clear chance, notwithstanding deceased's negligence, to avoid injuring him, and failed to do so, then defendant is liable.

4. The negligence of a chauffeur in charge of an automobile, committed while in the exercise of his ordinary duties, is chargeable to his employer, especially when such employer is occupying a seat in the automobile with him.

5. A mere guest, riding in an automobile at the invitation of its owner, and who takes no part in conducting the same, cannot have the negligence of the chauffeur or the owner thereof imputed to him.

6. Whether or not the whole or only one or more of the persons riding in an automobile at the time of the occurrence of an accident are the owners of such automobile is matter for the jury on an issue raised regarding the same.

7. Much greater care and caution are to be exercised by those using automobiles and bicycles in a crowded and crooked street, even within the prescribed speed limits, than would be required in places where the traffic or travel along the street is not great.

8. In determining whether or not defendants are liable for an accident resulting in death, caused by a collision of their automobile with deceased, who was riding a bicycle, the jury must take into consideration all the surrounding facts and circumstances, such as the amount of traffic on the street, the speed of each of the parties, the obstructions to view and to travel, the weather conditions, and the position of each of the parties along the road, and whether such position was right or wrong at that particular time, under the local regulations.

9. In civil actions for injuries causing death, the fact that the jury finds for the plaintiff, as a usual thing, fixes liability. But where, in the judgment of the court, the verdict ought to have been against the prevailing party, and it appears that the same was given for little more than nominal damages only because the jury thought there was no liability, the verdict will not be disturbed at the instance of the plaintiff.

Instructions to Jury given May 29, 1909.

————

*Messrs. H. F. Hord* and *Edward S. Paine,* attorneys for plaintiffs.

*Messrs. Willis Sweet* and *José R. F. Savage,* attorneys for the defendants.

The facts in this case were about as follows:
On the day of the accident, the five defendants and a chauf-

Garcia v. Georgetti.

feur and his boy assistant were riding in an automobile from San Juan, Porto Rico, eastward over the main street or road to Santurce. After crossing the bridge which separates San Juan island from Santurce on the mainland, the road turns slightly to the left and is slightly down grade for about 200 yards, when it again turns rather more sharply to the left, and is thereafter up grade for an equal distance. Several houses are built along the left-hand side of the road, and their front yards, shrubbery, and fences prevent people approaching down the grade on either side from seeing each other approaching save for a short distance right at the turn. The weather at the time of the accident was squally, the wind carrying the rain with it in the direction in which the automobile was going. Deceased was riding a bicycle eastward down the grade to the point of the accident, which took place at the second turn mentioned. The road was obstructed immediately beyond the bridge by several ox carts which were on the right-hand side of the road, going in the same direction as the automobile, which latter had to turn to the left to pass them. Immediately after passing them, the automobile swerved sharply to the right to recover its proper right-hand position on the road, and the chauffeur and some of the occupants of it instantly saw the deceased some short distance ahead, riding down the grade towards them on his bicycle, and, as it was claimed, at a fast pace, along his left-hand or wrong side of the road for him around outside of the curve. The chauffeur testified that he at once realized that a collision was inevitable, and that the only way to avoid it was to swerve suddenly and sharply to the left, which he did; but that, in spite of his efforts, deceased jumped from his bicycle in an effort to also avoid the collision, and fell forward

IV. Porto Rico—32.

Garcia v. Georgetti.

flat on the ground, so that his head and shoulders were caught by the rear wheel of the right-hand side of the automobile as it swerved to the left, and ran over him, injuring him so badly that he died in a few moments. There was evidence tending to show that deceased, when riding down the grade in the face of the wind and rain, had bent his head forward, and pulled his hat down over his eyes to keep the rain out of his face, so that he could not see what was in front of him. There was considerable conflict in the evidence as to the details of all these supposed facts.

The remaining facts of the case sufficiently appear from the instructions which RODEY, Judge, gave to the jury as follows:

Gentlemen of the jury:

This suit is brought by the plaintiffs, Emily Crooks Garcia and her two children, Gerard Garcia, about three years of age, and Yulandy Garcia, less than a year old, who are Danish citizens and residents of Saint Thomas, against Eduardo Georgetti, Ramon H. Delgado, Epifanio Fernandez Vangas, Domingo Massari, and José Ruiz Soler, all of the latter being citizens and residents of Porto Rico. It is this diversity of citizenship, coupled with the fact that there are more than a thousand dollars involved in the suit, which, under the law, gives this court jurisdiction to try the case. Otherwise it would ordinarily have to be tried in an insular court.

The question of the right of the parties to bring this suit has been fully settled by the court. It is brought under §§ 1803 and 1804 of the Civil Code of Porto Rico of 1902, which sets forth that "a person who, by an act or omission, causes damage

Garcia v. Georgetti.

to another when there is fault or negligence, shall be obliged
to repair the damage so done;" and that "the obligation imposed
. . . is demandable, not only for personal acts and omissions,
but also for those of the persons for whom they should be re-
sponsible;" and that "owners or directors of an establishment
or enterprise are equally liable for the damages caused by their
employees in the service of the branches in which the latter
may be employed, or on account of their duties."

The law of Porto Rico passed two years later, in 1904, which
is known as § 61 of the Code of Civil Procedure of that year,
embodies practically these same provisions of law, and is as
follows: "When the death of a person, not being a minor, is
caused by the wrongful act or neglect of another, his heirs
or personal representative may maintain an action for damages
against the person causing the death; or, if such person be
employed by another person who is responsible for his conduct,
then, also, against such other person. In every action under
this and the preceding section such damages may be given as,
under all the circumstances of the case, be just."

The damages claimed are laid in the sum of $25,000, and the
plaintiffs pray judgment for this amount with costs. You are
instructed that the fact of laying damages in this large amount
is no compelling reason why a court or a jury should find for
the plaintiffs in such a large sum, or in fact should find for the
plaintiffs at all, unless the facts, as they have been proved be-
fore you, when the law is applied to the same, as here given
you, warrant the same; and, in fact, the only effect of a claim
for damages in a complaint is that it fixes a limit beyond which
the jury cannot go if they should find for the plaintiffs.

There is a rule of law so well established in all courts as

Garcia v. Georgetti.

that it is now undisputed; and that is, that ordinarily no person, or, as in this case, his heirs, can recover for an injury if the plaintiff or the deceased, by his own negligence, contributed to that injury, and such latter was the proximate cause thereof. There is an exception to this rule that arises once in a while, and that is where, even though a plaintiff or a deceased may have been negligent, still, if the person committing or causing the injury was also negligent, and, in addition, notwithstanding the negligence of the plaintiff or the deceased, had the last clear chance to avoid committing the injury, and did not do so, then the negligence of the person or persons failing so to do renders them liable to the person injured or his heirs.

From this you will see that, in any injury case where both parties are equally. culpable from a negligence point of view, neither can recover against the other; and, if you believe, from a preponderance of the evidence, that both parties concerned in this injury, that is, the people in the automobile, on the one side, and the deceased, on the other, are equally culpable, then you should find for the defendants, because they are not in law liable.

There is another class of cases in which no recovery for a personal injury can be had by either party, and that is where each party has exercised all the prudence and care which sensible people ought to exercise on such occasions, and where neither is guilty of any negligence. In such cases the occurrence is what is known as an unavoidable or inevitable accident; and, if you believe, from a preponderance of the evidence, when all the facts and circumstances are considered, that this is such

Garcia v. Georgetti.

a case, then you should find for the defendants, because they are not liable.

The law of Porto Rico at the time this accident took place was that no automobile within the urban zone of a municipality should be driven faster than 16 kilometers per hour. The law also was that automobiles should pass preceding carts, coaches, conveyances, etc., on the left, and should keep to the right when meeting and passing the same. Exactly the same laws, rules, and regulations apply to people riding bicycles; and both automobiles and bicycles have exactly the same rights and obligations on public streets and highways in Porto Rico. So far as the court can see, the laws of the road in Porto Rico are practically the same as they are in the several states of the Union at present.

The question will no doubt arise in your minds, gentlemen, in case you shall believe that there is liability here, as to whether the whole or only a portion of the defendants are liable. You have noticed that the suit is brought against Eduardo Georgetti, Ramon H. Delgado, Epifanio Fernandez Vangas, Domingo Massari, and José Ruiz Soler. The evidence has shown you that, in addition to those gentlemen, there were two other persons riding in the automobile at the time of the alleged accident; that is, José Maria Sojo, the chauffeur, and a boy who was riding with him to assist in attending to the machine. These two latter have not been sued, it being, no doubt, assumed that all or some of the other occupants of the automobile are responsible for their acts if liability exists.

There is evidence in the cause tending to show that the defendant Epifanio Fernandez Vangas is the sole owner of the automobile involved in the occurrence, and there is also evidence

Garcia v. Georgetti.

tending to show that the defendants Eduardo Georgetti and José Ruiz Soler may have some ownership or right to the use or control of the same as well as Vangas. There is no evidence in the case that shows that the defendants Domingo Massari and Ramon H. Delgado were anything else than mere guests of one or more of the other defendants in the automobile at the time of the occurrence of the accident.

You are instructed, that it is the law that a person who is merely the invited guest of another in a carriage or automobile is not liable to a person injured by the negligence of his host or the latter's servant, unless such guest had some control of, or took some part in, the negligent direction or management of the vehicle causing the injury. Therefore, counsel for the plaintiffs in this case, on an intimation by the court that Ramon H. Delgado and Domingo Massari have not been shown by the evidence to have been other than guests, or to have taken any part in the conducting of the automobile, dismissed the action as to them, and therefore you will consider them as out of the case.

In like manner, if you believe, from a preponderance of the evidence, that the defendants Eduardo Georgetti and José Ruiz Soler were not the owners of the automobile, or took no controlling part in its direction or management on the occasion in question, but were merely the guests of the other defendant, Epifanio Fernandez Vangas, who testifies that he is the sole owner of the automobile, then you cannot find against those particular defendants, Georgetti and Soler, any more than you could against the other two mentioned; because only the actual owner or manager of the automobile would, under such circumstances, be liable.

Garcia v. Georgetti.

You are further instructed that the owner of an automobile is responsible for the acts of his servant or chauffeur whenever the latter is acting within the scope of his ordinary duties in the driving and managing of the machine; and therefore, if you believe, from a preponderance of the evidence, and the law, as given you in these instructions, that the chauffeur alone, on the occasion in question, was guilty of negligent acts that were the proximate cause of the injury to the deceased, then one or more of said remaining defendants, as you may believe them to have been the owners of the automobile, or to have negligently directed the same at the time of the accident, or both, are in law liable for the chauffeur's acts, and his negligence, if any, can be, and is, by law, imputed to them, and your verdict should be against one or all of said remaining defendants as you may find such facts to make them liable. But, gentlemen, if you believe, from a preponderance of the evidence, that the defendant Epifanio Fernandez Vangas alone was the owner of this automobile, and that he alone or his chauffeur alone directed it, and conducted it negligently on the occasion in question, and the other remaining defendants did not own the said machine, and took no part in directing it, then, if you further believe, from a preponderance of the evidence, that the negligent conducting of that automobile was the proximate cause of the injury, your verdict should be for the plaintiffs, and against the defendant Epifanio Fernandez Vangas alone, as he only in law is liable.

Having seen this ground, you are in a good position to pass upon the facts in the light of the evidence. You must consider all the surrounding circumstances, and ascertain which of the parties was guilty of the negligence that was the actual and

Garcia v. Georgetti.

proximate cause of the injury. On the one hand, you must consider the caution that should have been observed and the control that should have been observed by the people in or the owners or managers of the automobile, measured by the traffic on the road and their position on it, and the road's curves, and the length or shortness of the distance they could see in front of them, and the speed at which you believe this automobile was going, or ought to have been maintained at, as well as the speed at which you believe the bicycle was going, and the reason, from their knowledge of the traffic, the parties had to expect obstructions and other vehicles in their way. And, in like manner, you must consider from the evidence the knowledge which the deceased had of the road, his position on the road, and the length or shortness of the distance which he, in like manner, could see in front of him. You may also consider the weather,—whether it was stormy or calm, and the effect its condition may have had upon the ability of either of the parties to see the other approaching, and the necessary caution required of both of the parties as their vision may or may not have been obstructed by the condition of the weather.

When balancing all these considerations in your minds, if you believe, from a preponderance of the evidence, that both parties were equally culpable, then you should unhesitatingly say so by your verdict; and neither your consideration of the defendants, or either of them, because of their prominence, or because of your acquaintance with them, should affect your verdict in any way; and, on the other hand, neither should your sympathy for the plaintiff mother or orphan children have the least effect regarding your verdict. The case must be governed by the facts as you shall find them, and the cold law of the case as here given you.

Garcia v. Georgetti.

Therefore, if you believe, from a preponderance of the evidence, that the automobile was proceeding along that road at a proper speed and with due caution, and that the deceased was riding his bicycle down the grade towards it, and that he, without right, got on the wrong side of the road, and pulled his hat down over his eyes to save himself from the stress of weather, and for such reason did not pay proper attention to the road in front of him, and that such negligence upon his part was the proximate cause of the injury, then you should find for the defendants; but if, notwithstanding this, you believe that the automobile was proceeding at a negligent rate of speed greater than that allowed by law, and that the chauffeur could have seen the deceased in time to have avoided injuring him, and negligently failed to do so, notwithstanding the deceased's negligence, then you should find for the plaintiffs, and assess their damages at such reasonable sum as, under these instructions and all the facts and circumstances, you believe to be proper.

The law in this case, as to damages, is compensatory; that is, the plaintiffs should be reimbursed in the amount they have been damaged by the loss of their husband and father; and in fixing that amount you may consider the earning capacity of the deceased, his age, his health, and his expectancy of life, and you may take into consideration the mortality tables introduced in evidence to aid you in that regard. Such damages are not necessarily confined to the actual wages which the deceased was getting at the time of the injury, but his general earning capacity can be taken into consideration, and the wages he was receiving is evidence in that behalf; but, as there was no malice in this case, you cannot, for any reason whatsoever, give what is known in law as "smart money" to the plaintiffs, should you find for them, but compensation only.

Garcia v. Georgetti.

It is no part of the duty of a jury, any more than it is of the court, to make an example of any particular person guilty of negligence, but it is the duty of each of them to administer the law and find the facts in each particular case; and therefore you should throw out of your minds all prejudice, and pay no attention to the arguments of counsel for either side if they have, in any way, endeavored to influence your minds by other than reasonable and legitimate argument on the facts of this case and on the law as here given you. You should carefully and fearlessly take into consideration every fact and circumstance connected with the case, and if, on the whole, there has been no neglect on the part of these defendants or any of them that was the proximate cause of this injury, you should fearlessly say so, and find for them, notwithstanding the unfortunate occurrence which resulted in orphaning these children and widowing this woman. And, on the other hand, if the defendants were so guilty of negligence that was the proximate cause of the injury, you should, with equal fearlessness, find for the plaintiffs notwithstanding your acquaintance with, or the prominence of, the defendants or either of them.

You are the sole judges of the weight of the evidence and of the credibility of the witnesses. You can believe or disbelieve the whole or any portion of the evidence of any witness as you, as reasonable men, may believe such witness was mistaken or told the truth. And, in considering such credibility, you may take into consideration the interest which any witness may have in the result of the suit, and his or her manner in testifying on the stand.

As it is possible for you to find any one of several verdicts in this case, three forms will be given you. One will read:

Garcia v. Georgetti.

"We, the jury, find for the plaintiffs, and assess their damages at the sum of $..............." This is a straight verdict for the plaintiffs against all the remaining defendants, jointly.

Another will read: "We, the jury, find for the defendants." This is a straight verdict for the defendants, and relieves them of all liability in the case.

Another will read: "We, the jury, find for the plaintiffs against the defendant (or defendants)..............., and assess plaintiffs' damages at the sum of $.............; and as to the defendant (or defendants) ..............., we find (him or them) not liable."

This will be a verdict for the plaintiffs against one or more defendants, and a discharge from liability of one or more of the defendants, as you may find.

When you have arrived at a verdict you will cause it to be signed by one of your number whom you will select as foreman for that purpose, and then all of you must return it into court. It is hoped that you will confer together as honest and reasonable men, and that you will arrive at a verdict. In this sort of a case you can reach a conclusion on any point in the cause or on the whole case on a preponderance of the evidence; and it is not necessary for you to believe any fact or to have any fact proved to you beyond a reasonable doubt, as in a criminal case. A preponderance of the evidence does not necessarily mean that one side or the other must have the most witnesses or the greatest number of documents or other exhibits, but it means the side upon which honesty and justice, under the law as here given you, prevails in your minds as reasonable men. You should not have any fear or hesitation in rendering a verdict, because that would be moral cowardice; and if the courts or

Garcia v. Georgetti.

juries should be guilty of moral cowardice, the administration of justice would be a failure. It would be a gross insult for any person to ever presume to question you for the verdict you render. The law empowers you and you alone to render a verdict in this case, and it does not lie in any one's mouth to question you for it. For either party to this suit to expect a verdict at your hands save as the proofs and right and justice may warrant would be a confession of their own lack of moral righteousness and an imputation against the jury's moral character. It is assumed that neither side expects anything save what is right, and it is also assumed that you will do only that which you believe to be right; and when you render your verdict, no matter what it is, the court and the community must be satisfied with it. It is the exception for a court to set aside a verdict of a jury, and it does it then only for sufficient legal cause, after the fullest argument and the most careful consideration. The cause is with you, gentlemen.

Note.—The jury returned a verdict for the plaintiffs in the sum of $1,500, against the defendant Epifanio Fernandez Vangas alone, and found the remaining defendants not liable.

On motion for a new trial by the plaintiffs, the court refused to disturb this finding of the jury, basing its action principally upon the fact that, on the whole case, considering that the burden of proof was on plaintiffs, the verdict in fact ought to have been for defendants. Citing, 29 Cyc. Law & Proc. p. 848.